```
          IN THE UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF ARKANSAS
                    WESTERN DIVISION


UNITED STATES OF AMERICA         )
                                 )
                                 )
VS.                              )   CASE NO. 4:06CR00211-02 HLJ
                                 )
ROBERT J. COLEE                  )
```

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge J. Leon Holmes.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was

> not offered at the hearing before the Magistrate Judge.
>
> 3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

### **DISPOSITION**

Now before the court is Defendant Colee's "Motion to Challenge the Venue Jurisdiction in the Subject Indictment " (DE # 41), which the court interprets as a motion to dismiss the indictment for failure to allege venue sufficiently. Defendant states he and four other defendants were charged in a one-count indictment with conspiring with one another to defraud the United States for the purpose of impairing the Internal Revenue Service (I.R.S.) from assessing and collecting over $1,000,000 of income taxes that were due and owing in violation of 18 U.S.C. § 371. Defendant raises the following question: Does the indictment satisfy the requirement of Fed.R.Crim.P 18 and Article III, Section 2, Clause 3, U.S. Constitution to confer jurisdiction on the United States District Court for the Eastern District of Arkansas?

Defendant contends "the indictment fails to allege venue jurisdiction." He specifically asserts as follows:

> The indictment contains numerous allegations of overt acts. And while the government alleges one or more of the co-conspirators opened bank accounts at numerous financial institutions[,] see Overt Acts 1-21, they failed to allege whether the institutions were located in the Eastern District of Arkansas. Nothing else in the indictment indicates where any defendant did anything. Count[] 1 is therefore legally defective and ought to be dismissed for want of venue jurisdiction.

"Motion to Challenge the Venue Jurisdiction in the Subject Indictment " (DE # 41), p.4.

The Government asserts that in the prosecution of a conspiracy, venue is proper in any district where the agreement was made or where an overt act in furtherance of the conspiracy was committed. In the present case, the indictment alleges the conspiracy took place in "the Eastern District of Arkansas and elsewhere" (Indictment, p. 2), and it contains a chart showing the alleged overt acts (Indictment, pp. 8-14), with the allegation that the overt acts were committed in "the Eastern District of Arkansas and elsewhere" (Indictment, p. 8).

In his reply, Defendant argues the allegations that the crime was committed "in the Eastern District of Arkansas and elsewhere" is a "naked and conclusory allegation," and is insufficient to vest this court with jurisdiction, because "[t]here is not a single act identified in the indictment which can be determined to have been committed in the Eastern District of Arkansas." Defendant's Reply (DE # 51), p. 2. Defendant further asserts

> [v]enue jurisdiction once challenged in a pre-trial motion must be proven pre-trial by the government as the

> defendant is not required to wait until trial to discover that the government's proof is wanting. The subject indictment does not supply the required specificity or detail, and the government's response does not contain any "proof" of venue, as there is no indication anywhere that any particular alleged act occurred in any particular district, much less having occurred in the Eastern District of Arkansas.

Id., at 3. Further, the Defendant contends

> there is a complete absence of allegation of the place or places within the Eastern District of Arkansas where illegal conduct supposedly occurred. Other than alleging that there were corporations in Washington, or that various persons opened bank accounts, supposedly in various places, nothing else in the indictment indicates where any defendant did any thing.

Id. at 6.

The court recognizes that

> "[p]roper venue is required by Article III, § 2 of the United States Constitution and by the Sixth Amendment, as well as Rule 18 of the Federal Rules of Criminal Procedure." United States v. Romero, 150 F.3d 821, 824 (8th Cir.1998) (brackets, citations, and internal quotations omitted). A violation of federal law may be prosecuted "in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a). "Furthermore, although separate proof of an overt act is not a necessary element of a drug conspiracy under 21 U.S.C. § 846, venue is proper in a conspiracy case in any jurisdiction in which an overt act in furtherance of the conspiracy was committed by any of the conspirators." Romero, 150 F.3d at 824 (citations and internal quotations omitted).

U.S. v. Morales, 445 F.3d 1081, 1084 (8th Cir. 2006).

The question concerns allegations in an indictment. The Government has alleged the overt acts occurred in the Eastern District of Arkansas and elsewhere. That is sufficient to allege venue in a conspiracy case. If the Government successfully proves at trial that any of the listed overt acts occurred anywhere in this district, then venue will have been proper here. If defendant

wishes, he may seek a bill of particulars for more details concerning the alleged overt acts, but the failure of the Government to connect the overt acts to a specific town in this district in the indictment, or the addition of the phrase "and elsewhere," does not subject the indictment to dismissal.

Defendant's "Motion to Challenge the Venue Jurisdiction in the Subject Indictment " (DE # 41), is hereby denied.

SO ORDERED this 20th day of August, 2008.

*Henry L. Jones, Jr.*
United States Magistrate Judge